IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN KLING : CIVIL ACTION
:
v. :
:
STATE FARM FIRE AND CASUALTY : NO. 10-101

**MEMORANDUM**

Fullam, Sr. J. March 3, 2011

The plaintiff filed suit against her homeowner's insurance carrier in state court, alleging that the insurer had failed to fully compensate her for covered losses resulting from a storm and did so in bad faith. The defendant filed a notice of removal, invoking this Court's diversity jurisdiction, and has moved for summary judgment.

The public adjuster hired by the plaintiff estimated repairs would cost $39,932.55. The insurer's representative inspected the house and estimated the cost of repairs from storm damage at only $3,175.67; the insurer concluded that many claimed areas of damage were not attributable to the storm and disagreed with the public adjuster's estimates as to the areas that were storm-damaged. The insurer and the public agent exchanged correspondence over the next few months and after another inspection, the insurer's representative revised his estimate to $9,912.56, still significantly less than the plaintiff's estimate. The insurer has paid the plaintiff those amounts not in dispute (less the applicable deductible).

After reviewing the defendant's voluminous submissions, I cannot conclude that summary judgment on the contract claim is warranted. There is a fundamental dispute over whether the claimed damage in certain areas (such as the hardwood floors in the bedroom and the wallpaper in the hallway) can be attributed to the storm or to other causes. The defendant claims that the public adjuster, acting as the plaintiff's agent, made material misrepresentations with regard to the claim, thus voiding the policy. The public adjuster has submitted an affidavit in which he denies that he made any deliberate misrepresentations. This dispute, and the contract claim, must be resolved by the finder of fact.

The bad-faith claim is another matter. "A recovery for bad faith requires clear and convincing evidence of bad faith, rather than mere insinuation, and a showing by the insured that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." MGA Ins. Co. v. Bakos, 699 A.2d 751, 754 (Pa. Super. Ct. 1997). The plaintiff "must show that the insurer breached its duty of good faith through some motive of self-interest or ill-will." Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142-43 (Pa. Super. Ct. 2006).

Although the plaintiff does not concede the accuracy of the defendant's activity log, it is not really disputed that the defendant conducted two inspections of the plaintiff's home, responded to the public adjuster's letters and telephone calls, and revised its initial estimate. Under these circumstances, the plaintiff cannot establish by clear and convincing evidence that the insurer acted in bad faith in denying coverage. The opinion of the public adjuster that the insurer intentionally ignored certain areas of damage is not supported by the record, which reflects a disagreement as to the cause of the damage. The plaintiff also argues that her insurance agent, whom she knew socially, attempted to intimidate the plaintiff by telling the plaintiff in a telephone call that the adjuster "is known for stating things that are damaged that aren't." Kling Dep. at 67. Although this action by the agent may have been inappropriate, there is no evidence that it affected the handling of the plaintiff's claim.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.